## SOLIS v. SOLIS.

### No. 1465.

Court of Civil Appeals of Texas. Eastland.

Jan. 3, 1936.

Stephens & Williams, of Benjamin, for appellant.

D. J. Brookreson, of Benjamin, for appellee.

LESLIE, Chief Justice.

Mary Scaff Solis instituted this suit against Arturo Solis to obtain a divorce. An injunction restraining the defendant from disposing of certain personal property was sought and obtained. Included in this was a Chevrolet car claimed by her as separate property, a gift from her husband. The defendant answered by general denial, specially denied owning any of the personal property sought to be recovered by the plaintiff, and affirmatively alleged that the Chevrolet car in controversy was owned by his father, Ben Solis. Ben Solis intervened and alleged himself to be the owner of all the property described in the plaintiff's petition.

Trial was had before the court alone, and the plaintiff was granted a divorce and also decreed the title and possession of the Chevrolet car. The other property involved was awarded to the intervener, Ben Solis. The defendant, Arturo Solis, alone appeals, perfecting the same by affidavit of inability to pay costs, etc.

The parties will be referred to as in the trial court.

The divorce was sought and obtained upon the ground of cruel treatment. The sufficiency of the pleadings is not questioned. The defendant, Arturo Solis, attacks the judgment by three propositions of law.

The first is to the effect that "there was no proof that there had been cruel treatment" of the plaintiff by the defendant. A careful consideration of the statement of facts requires that this proposition be overruled. If the proposition be interpreted as raising the sufficiency of the testimony to support the judgment, it should likewise be overruled.

By the other two propositions the contention is made that the court erred in holding that the automobile was the property of the plaintiff.

It appears from the record that the defendant, Arturo Solis, denied by pleadings and his testimony that he ever owned the automobile. Ben Solis intervened, claiming the same along with all the other personal property involved. On his plea of intervention the court decreed that Ben Solis owned all the other property, but awarded the automobile to the plaintiff. Apparently he accepts under the judgment the property awarded him. Under these circumstances, the defendant, Arturo Solis, has no interest in that part of the judgment disposing of the car, and, since Ben Solis, the intervener, does not appeal and complain of that part of the judgment, the judgment should in all respects be affirmed.

It is so ordered.